605 A.2d 318

## In re PHILADELPHIA COUNTY INVESTIGATING GRAND JURY XII.

### Petition of Randi J. VLADIMER, Esq., et al.

Supreme Court of Pennsylvania.

Argued Sept. 27, 1991.

Decided March 23, 1992.

Randi J. Vladimer, Radnor, for appellants.

Ronald Eisenberg, Chief, Appeals Div., George Rayborn, Asst. Dist. Atty., George S. Leone, Philadelphia, for appellees.

Before LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

OPINION

ZAPPALA, Justice.

This is an appeal from the order of the Honorable Gene Cohen, the supervising judge of the Philadelphia County Investigating Grand Jury XII, disqualifying Randi J. Vladimer, Esquire from representing a witness subpoenaed to appear before the grand jury. The issue presented is whether the supervising judge may disqualify an attorney from representing a witness subpoenaed to appear before the grand jury based upon the attorney's professional contacts with legal counsel for a target of the investigation.

On May 24, 1991, the grand jury issued subpoenas duces tecum to an attorney who is a target of the investigation, referred to herein as John Doe. The subpoenas issued to John Doe and/or the custodian of records sought records relating to three professional corporations. A motion to quash the subpoenas was filed by John Doe's counsel, Richard A. Sprague, Esquire of the law firm of Sprague, Creamer, & Sprague. The supervising judge ruled that John Doe did not have to respond to the subpoenas due to his claim of the privilege against self-incrimination.

In response to the ruling, the District Attorney served three subpoenas duces tecum on June 28, 1991, directed solely to the "Custodian of Records" of the professional corporations. The subpoenas were served at the office of John Doe and were received by the office manager, Carolyn Peffley. The subpoenas directed the custodian to produce the records before the grand jury on July 3, 1991.

On July 2, 1991, a motion to quash the subpoenas was filed on behalf of Carolyn Peffley by her counsel, Ms. Vladimer, in which she alleged that she was not the custodian of the records and was not in possession of the records. At a hearing before the supervising judge on July 3, 1991, the Commonwealth made an oral motion requesting that

Ms. Vladimer be disqualified from representing Carolyn Peffley on the basis of her alleged association with the Sprague firm. No notice had been given to Ms. Vladimer of the Commonwealth's intention to move for her disqualification.

The Commonwealth asserted that Ms. Vladimer had a conflict of interest in representing Carolyn Peffley because she had previously been an associate of John Doe's counsel. The motion to quash filed on behalf of Carolyn Peffley had been delivered to the supervising judge in an envelope bearing Ms. Vladimer's initials with the Sprague firm's return address. The Commonwealth relied on the envelope as proof that Ms. Vladimer's earlier association with the Sprague firm would jeopardize her client's interests and hinder the grand jury investigation.

The subpoenas had been served on June 28, 1991, a Friday. Ms. Vladimer testified that she was contacted on the following Monday afternoon, July 1, 1991. Due to the time constraints and a scheduled court appearance, Ms. Vladimer was concerned whether a motion to quash could be timely filed. For that reason, a member of the Sprague firm prepared a rough draft of the motion to quash. The next day, Ms. Vladimer met with her client alone and reviewed the draft. The final document was typed after changes were made to the draft.

It was undisputed Ms. Vladimer had not been a member of the Sprague firm since January 26, 1991, and was engaged in practice as a sole practitioner since leaving the firm. Nevertheless, the supervising judge granted the Commonwealth's motion to disqualify Ms. Vladimer as counsel, finding that she had a conflict of interest. The judge did not dispose of the motion to quash the subpoena. He advised Carolyn Peffley that she would have to retain new counsel to represent her. An application for a stay of the July 3, 1991 order was subsequently denied by the supervising judge. A petition for review and an application for a stay of the lower court's order was filed with this

Court by Ms. Vladimer on her own behalf and on behalf of Carolyn Peffley.

On July 8, 1991, Justice James T. McDermott entered an order staying all grand jury proceedings regarding Carolyn Peffley pending the disposition of the petition for review or further action of this Court. Oral argument on the matter was scheduled before this Court by order dated August 26, 1991. We now reverse the order of the supervising judge.

In *Pirillo v. Takiff*, 462 Pa. 511, 341 A.2d 896 (1975), we addressed the issue of whether the supervising judge of an investigating grand jury may disqualify an attorney and his associate from representing twelve witnesses subpoenaed to testify before the grand jury. The grand jury investigation focused on police corruption in Philadelphia. We upheld the order of the supervising judge disqualifying an attorney and his associate, who were paid by a policeman's fraternal order, from representing all of the policemen subpoenaed to testify before the grand jury.

The supervising judge had conducted an in camera session with the prosecutor before any witness testified during which he was informed as to the proposed scope of inquiry for the witness. The prosecutor revealed that each witness would be questioned about the conduct of other police officers, and in most cases, about the conduct of each other. Most of the officers had been named in a report by the Pennsylvania Crime Commission as persons who had taken bribes from the owners of Philadelphia bars.

In assessing the legitimacy of the supervising judge's order, we found it imperative to assess the competing interests of the witnesses to counsel of their own choosing, of the attorneys to pursue the practice of law, and of the Commonwealth to insure that the grand jury's function is not unduly impaired. In balancing those interests, four considerations dominate the weighing process:

> (1) whether the state's interest can be effectively accomplished in some manner which will not infringe upon interests protected by constitutional rights;

(2) whether the state interest is sufficiently compelling to justify the degree of infringement of those interests;

(3) whether the state interest is sufficiently compelling to justify the degree of infringement that is necessary to effectuate that interest; and

(4) whether the provision under challenge represents the narrowest possible infringement consistent with effectuating the state interest involved.

*Pirillo*, 462 Pa. at 529, 530, 341 A.2d at 905.

We held that multiple representation of the witnesses would be inappropriate in *Pirillo* where each witness was a potential defendant, and the testimony of each witness might be expected to incriminate one or more of the other witnesses. We expressed our concern that if one of the witnesses had revealed his testimony before the grand jury to his attorney, as he had the right to do, the attorney might have intentionally or subconsciously revealed the substance of the testimony to his other clients or to the Fraternal Order of Police. The degree of infringement resulting from the supervising judge's order was justified and was the minimum necessary to protect the state interests.

In *In re Investigating Grand Jury Of Philadelphia County No. 88–00–3503*, 527 Pa. 432, 593 A.2d 402 (1991), we again addressed the issue of the disqualification of counsel where an attorney sought to represent multiple witnesses in a grand jury investigation. The grand jury investigation involved allegations of improper diversion of public funds by public officials through the investment of funds in "charitable" certificates of deposit ("CDs"). The charitable CDs paid a lower rate of return than other available CDs.

The president of the bank that issued the charitable CDs was represented by counsel during his appearance before the grand jury. The bank president became a target of the investigation after the prosecutor perceived a significant disparity between his grand jury testimony and a statement

he had given to detectives before his grand jury appearance. The Commonwealth successfully sought to disqualify his attorney from representing other bank employees thereafter.

Immunity for several bank employees was requested by the Commonwealth. The Commonwealth's request was granted as to one employee who had previously testified before the grand jury. The employee's testimony had supported that of the bank president. The supervising judge granted immunity on the basis that the employee would be likely to refuse to testify if called to appear again before the grand jury.

We sustained the supervising judge's order disqualifying the bank president's counsel from representing the other bank employees, including the employee who had been granted immunity. The shift in the inquiry of the grand jury to investigate the possibility that the bank president was involved in the alleged scheme to divert public funds necessitated the change of counsel. At that point in the proceedings, continued representation of both the bank president and the other employees could have undermined counsel's effectiveness.

There is no absolute prohibition against multiple representation of witnesses in a grand jury proceeding. In the cases discussed above, counsel represented witnesses who were the subjects of the investigation. It is significant that the Commonwealth demonstrated in both cases that the multiple representation of witnesses would be detrimental to the interests of the witnesses and the state. The inherent problem in permitting attorneys who were serving clients with competing interests justified the limited intrusion on the rights of the attorneys and witnesses.

The instant case is unique in that disqualification of counsel was premised not on the multiple representation of witnesses in a grand jury proceeding by an attorney, but on the attorney's professional involvement with separate legal counsel for the witness's employer. In essence, disqualification was sought and granted on the basis that Ms. Vladi-

mer's independent representation of her client was illusory and non-existent. Disregarding Ms. Vladimer's status as a sole practitioner, the Commonwealth perceives her representation of the witness as a form of multiple representation.

The Commonwealth relies on our decisions in *Pirillo* and *In re Investigating Grand Jury No. 88–00–3503* as support for its novel theory that separate counsel can be disqualified from representing a witness due to her prior association with counsel for a subject of the investigation. Ms. Vladimer is cast as if she were merely the alter ego of her former employer. The disqualification of counsel on that basis would require us to assume that a professional who has been trained in the law, such as Ms. Vladimer, is incapable of independent thought and cannot exercise her own professional judgment in representing her client. Mere statement of the assumption marks its absurdity.

The Commonwealth also emphasizes the fact that Ms. Vladimer was aided by the Sprague firm in preparing a draft of a motion to quash the subpoena. Where the Commonwealth sees conspiracy, we see convenience. Ms. Vladimer was contacted shortly before the scheduled appearance of her client. There was a limited time to challenge the subpoena. The assistance provided by her former employer does not satisfy the Commonwealth's burden of establishing that the public function of the grand jury would be unduly impaired by the continued representation of the witness by her own attorney.

The order of the supervising judge is reversed.

NIX, C.J., did not participate in the decision or consideration of this matter.

McDERMOTT, J., files a Concurring Opinion in which FLAHERTY, J., joins.

McDERMOTT, Justice, concurring.

I concur in the result. Although there existed reason here to alert the concerns of the supervising judge the

record before him was inadequate for him to conclude that Ms. Vladimer's representation of her client would be compromised.

FLAHERTY, J., joins in this opinion.