862 A.2d 581

In re BUCKS COUNTY INVESTIGATING GRAND JURY.

Application of Voicenet Communications, Inc.,
Omni Telecom, Inc., and Brian Adelson.

Supreme Court of Pennsylvania.

Nov. 12, 2004.

## ORDER

PER CURIAM.

AND NOW, this 12th day of November 2004, upon consideration of the Emergency Application for Reconsideration of the Order Affirming the Order of the Supervising Judge of the Bucks County Investigating Grand Jury and the Brief in Opposition to the Emergency Application for Reconsideration, it is hereby ordered that the Emergency Application for Reconsideration is GRANTED and upon reconsideration of the Emergency Application for Review, the Response to Emergency Application for Review and the briefs submitted in support thereof, it is hereby ordered that the Emergency Application for Review is GRANTED, and the matter is remanded for supplementation of the record and determination of the following issues by the trial court: (1) whether Bucks County has had a *de facto* permanent grand jury; (2) whether the Application for summoning the grand jury and the Notice of Submission were legally adequate pursuant to *In re: Investigating Grand Jury of Philadelphia County (Appeal of Washington)* 490 Pa.31, 415 A.2d 17 (1980); (3) whether there is a reasonable possibility that Petitioners engaged in the criminal activity of placing child pornography on the Internet; (4) whether there is factual support for Petitioners' contention of cooperation; and (5) whether the mere submission of the investigation to the grand jury violates the free

speech provisions of the United States and Pennsylvania Constitutions.

Justice CASTILLE files a Dissenting Statement.

Justice SAYLOR and Justice EAKIN would deny reconsideration per the considerations set forth in Rule of Appellate Procedure 2543.

Justice CASTILLE, Dissenting.

I respectfully dissent. Upon Application for Reconsideration, the Court today essentially reverses its position, memorialized in its September 17, 2004 *per curiam* order, and remands this matter for supplementation and further consideration. It does so without citing any reason warranting reconsideration. Reconsideration by an appellate court is not a matter of right, but one of sound judicial discretion, and will be allowed only when there are compelling reasons. *See* Pa. R.A.P. 2543. Reconsideration is not meant to provide a second bite at the same apple, but rather, a fail-safe for instances where an initial decision was incorrect.

The initial decision was not incorrect and today's unexplained decision is unwarranted. This Court did not misapprehend the material facts or the governing law in issuing its previous order. All that has changed is that some members of the Court have apparently changed their minds concerning the same facts and the same law. In my view, no compelling reasons exist to take the extraordinary measure of granting reconsideration. Because the Court's unexplained about-face will further enmesh us in an unnecessary and ill-advised micromanagement of this Grand Jury proceeding, I dissent. *See In re: Bucks County Investigating Grand Jury, Application of: Ronald P. Power et al.,* 861 A.2d 876 (Pa.2004) (Castille, J., joined by Eakin, J. dissenting).