867 A.2d 1262

### In re BUCKS COUNTY INVESTIGATING GRAND JURY

**Petition of Voicenet Communications, Inc., Omni Telecom, Inc. and Brian Adelson.**

**No. 119 MM 2004.**

Supreme Court of Pennsylvania.

Jan. 18, 2005.

## ORDER

PER CURIAM.

AND NOW, this 18th day of January, 2005, upon consideration of the Commonwealth of Pennsylvania's Petition for Reconsideration and Oral Argument *en banc* and the Supplement to Application for Petition for Reconsideration and Oral

Argument *en banc,* it is hereby ordered that the Petition for Reconsideration and Oral Argument *en banc* are DENIED.

It is further noted that *in camera* proceedings may be conducted if the trial judge, in his discretion, considers them appropriate.

Justice CASTILLE files a Dissenting Statement in which Justice EAKIN joins.

Justice CASTILLE, dissenting.

I would grant the application of the District Attorney of Bucks County in this matter. As I stated in my Dissenting Statement filed November 12, 2004 to the Court's *per curiam* Order granting the Emergency Application for Reconsideration filed by Voicenet Communications, Inc., *et al.* (collectively, "Voicenet"), there were no compelling reasons for this Court to grant Voicenet's application for reconsideration or to remand the matter for determination of five issues posed by this Court's Order. *See* Pa. R.A.P. 2543. I predicted then that this Court's Order remanding for supplementation of the record and the resolution of various issues by the supervising judge of the grand jury would, indeed, inevitably enmesh this Court in unnecessary and ill-advised micromanagement of this grand jury proceeding. *See In Re Bucks County Investigating Grand Jury,* 862 A.2d 581, 582 (Pa.2004) (Castille, J., dissenting). Such prediction has now come to pass.

In response to the remand Order, an emboldened Voicenet has now filed a petition seeking pre-hearing discovery before the supervising judge of the grand jury. This petition seeks discovery of the investigative files of the law enforcement officials investigating this matter and proposes depositions of those individuals prior to the hearing ordered by this Court. Such a request by Voicenet is unprecedented and not contemplated by the Rules of Criminal Procedure. It is only after an arrest, an arraignment, and a preliminary hearing that the Rules permit discovery in a criminal matter, and the matters that are discoverable are specifically delineated by the Rules. *See* Pa. R.Crim. P. 571 and 573. The Rules certainly do not

contemplate discovery of the investigative files and work product of the investigating officers and/or the District Attorney at this stage of the grand jury proceedings. Further, such requested discovery would violate the essence of the grand jury function: secrecy. Clearly, the investigative function of the grand jury would be frustrated by the virtual opening of the investigators' files and the confidential communications between the investigators and the District Attorney to potential subjects of the investigation.

This Court unfortunately has prolonged this matter and has encouraged the filings below and those now before us as a result of the Majority's broad ranging, unexplained Order of November 12, 2004. The Court has directed the supervising judge to decide five (5) discrete issues, none of which justify or make relevant Voicenet's request for pre-hearing discovery. *See In Re Bucks County Investigating Grand Jury*, 862 A.2d 581–82. Moreover, in my opinion, none of the remanded questions warrant a hearing, much less pre-hearing discovery, since there has been no arrest of any individual or entity that would give rise to Voicenet's discovery of confidential documents and communications.

As to the first question, it is irrelevant whether Bucks County has a *de facto* permanent grand jury. As long as the grand jury was summoned in compliance with the Investigating Grand Jury Act, 42 Pa.C.S. § 4541 *et seq.*, it is *de jure* a properly constituted grand jury. I believe this question has already been answered by the supervising judge's review of the District Attorney's submission to the Common Pleas Court requesting the empanelment of the grand jury and the corresponding grant of the petition.

As to the second question in our earlier Order, whether the District Attorney's application for summoning the grand jury was legally adequate, that decision has been previously rendered by the supervising judge by granting the District Attorney's petition. Presumably, Judge Biehn reviewed the petition and found it to be legally adequate, or he would have denied the petition, an action well within the discretionary powers of the supervising judge.

The third question, whether there is a "reasonable possibility" that Voicenet engaged in the transmission of child pornography over the Internet, is premature. Indeed, it is the very possibility that Voicenet placed child pornography on the Internet that gives rise to this investigation in the first place. This "possibility" may eventually give rise to probable cause to arrest various parties as purveyors of child pornography. Or, it may not, if it is discovered that Voicenet is a mere conduit without control over the contents of its communications. It would appear that there presently exists at least a "reasonable possibility" that Voicenet is a purveyor of child pornography since the grand jury filings demonstrate that the investigating officers viewed child pornography communicated by facilities owned and operated by Voicenet.

As to the fourth question, of whether there is factual support for the proposition that Voicenet is cooperating in this grand jury investigation, the answer clearly is no; they are not, as most recently evidenced by the opportunistic request for pre-hearing discovery. Indeed, if there was cooperation, this matter would never have been before this Court or before the federal district court in a related matter. Furthermore, as to the question of "cooperation," this Court's Order gives little guidance to the supervising judge. For instance, what level of "cooperation" is sufficient to answer this question and whose burden is it to prove "cooperation" and to what degree? Does "cooperation" somehow negate the power to empanel a grand jury investigation?

As to the fifth question, whether the mere submission of the investigation to the grand jury violates the free speech provisions of the United States and Pennsylvania Constitutions, this Court again gives little guidance to the supervising judge below. It is clear that the object of the District Attorney's investigation is not protected, or free, speech. The investigation clearly has as its focus non-protected transmission of child pornography. No person has a right to possess or purvey child pornography. *Ipso facto*, there can be no violation of free speech, or a chilling of free speech or even trampling

upon free speech when the speech in question is outlawed in the first place.

By issuing its improvident Order of November 12, 2004 (over the dissents of this author and Justices Saylor and Eakin), this Court has unnecessarily involved itself in micromanaging the affairs of a lawfully constituted investigating grand jury. This is the second time this matter has appeared before this Court. It is a further drain on this Court's limited resources, while the matter should have been allowed to proceed in an orderly manner to a prompt resolution below. I am certain that this will not be the last we hear of this matter.

Justice EAKIN joins this Dissenting Statement.